# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DELVONTA MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 1:12-cv-1160-TWP-DML |
| | ) | |
| KEITH BUTTS, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for a Writ of Habeas Corpus**

The petition of Delvonta Moore for a writ of habeas corpus challenging his placement in a segregation unit at an Indiana prison is **denied** and this action is **dismissed** pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court.* This disposition is based on the following facts and circumstances:

1. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

2. A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

3. In order to proceed, Moore must meet the "in custody" requirement of § 2254(a). Meeting this requirement is a matter of jurisdictional significance. *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (per curiam). "[T]he inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas review requires a court to judge the ›severity‹ of an actual or potential restraint on liberty." *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 894 (2d Cir.), *cert. denied,* 519 U.S. 1041 (1996).

4. A decision which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). The classification decision Moore challenges in this case did not deprive him of a recognized liberty or property interest. Accordingly, prison authorities were "free to use any procedures [they] chose[ ], or no procedures at all." *Id.* at 644.

5. Because Moore's habeas petition shows on its face that he is not entitled to the relief he seeks, the action is **summarily dismissed** pursuant to Rule 4.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/02/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Delvonta Moore**
**#162072**
**Pendleton Correctional Facility**
**4490 West Reformatory Road**
**Pendleton, IN 46064**